■ LEONARD LITTLE et al., Respondents, v. TOWN OF HEMPSTEAD, Appellant. — In an action to recover damages for trespass, defendant appeals from a judgment of the Supreme Court, Nassau County, entered January 23, 1961, in favor of plaintiffs, upon an assessment of damages in the sum of $14,000, after a nonjury trial limited to damages, as directed by a prior order of said court granting plaintiffs' motion for summary judgment. Judgment reversed on the law and the facts, without costs, and new trial granted for an assessment *de novo,* and not inconsistent herewith, of the damages sustained. The trial was held in conjunction with the trial of a companion condemnation proceeding which affected the real property here in question (see *Matter of Town of Hempstead* v. *Little,* 20 A D 2d 539). The acts of trespass consisted of: (a) the erection of a barrier across the 50-foot strip of land which constituted damage parcel 8 in the condemnation proceeding; and (b) the erection of a stone jetty which may be described, as related to the physical situation in 1959, as being along the easterly boundary of the upland portion of damage parcel 1-A in that proceeding and continuing southerly into the submerged portion thereof for a considerable distance. Plaintiffs contend that such barriers prevented them from entering into parcel 1-A and further into parcels 5-A and 7-A as described in the said condemnation proceeding. The trial court, in awarding damages in this action, limited the damages to those sustained during the four-year period between 1955, the year in which plaintiff Leonard Little acquired title to parcel 8, and 1959, the year in which the town acquired title in the said companion condemnation proceeding. In our opinion, it was error here, as it was error in the companion proceeding, to predicate the awards to the claimants Little upon the theory: (1) that the title to the portion of their land which by 1959 had emerged from the sea, namely parcels 5-A and 7-A and part of 1-A, continued to remain theirs even after it again became upland, despite the town's riparian rights which the town had acquired by reason of the prior condemnation proceeding (*Matter of Town of Hempstead* [*Little*], 2 A D 2d 864, mot. for lv. to app. den. 2 N Y 2d 709); and (2) that parcels 1-A, 5-A and 7-A could have been used as a bathing beach with attendant facilities. As in the companion proceeding, the Littles' evidence as to damages was presented solely upon the erroneous premise that they continued to own the fee of the land which by 1959 had emerged from the sea. The town presented scant, if any, evidence of substance on the question of damages. In the interests of justice there should be a new trial in this action as to the damage issues. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.